### FLOWER & AL. vs. GRIFFITH.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This action was commenced by attachment, which was levied on a tract of land, the defendant held in common with his sister. The proceedings previous to final judgment need not be set out, as the only error assigned by the plaintiffs is, that the court below had decreed that no execution should issue against the property attached, until a partition and settlement take place between the defendant and his sister, co-heirs of the succession of L. C. Griffith.

The legislature cannot delegate the power of making laws for the state. The omission to print, in the new code, articles contained in the old, does not repeal them. The 21st title of the 3d book of the Old Code is yet in force.

The facts of the case shew, that the property is held in common between the defendant and

his sister. The only question therefore is whether the judgment be correct in point of law.

The old code contained a provision that "the undivided share belonging to a co-heir in a succession cannot be seized on an execution, but the creditors have a right to demand a partition of the estate between the co-heirs," 490, *art.* 6.

It is contended that this article is repealed by the new code in which no such regulation is found. If it appeared that the legislature had made it a part of their amendments to that work, that this article should be suppressed, then perhaps this argument would be correct.

But nothing of that kind has been shewn, and our own researches have led us to the directly opposite conclusion. The jurists who were appointed to alter and improve our old code, in their report to the legislature, proposed amendments of three kinds. *The first,* the insertion of new provisions; *the second,* the modification of those already existing, *and the third,* the suppression of those articles which were incompatible with the changes they thought proper to recommend.

We have carefully examined this report,

and not a word is said in it of the last title of
the old code, it is neither proposed to be amen-
ded by new provisions, or modified, or sup-
pressed.

The amendments to the other parts of the old code, were submitted to the legislature, and with some slight alterations adopted. But the remaining provisions in it, did not pass a second time under the view of the legislature, nor were they re-enacted. They were left as they originally stood.

After these amendments were passed, the best way perhaps would have been to have printed them separately. The citizen could have then seen at once what change had been made in the old law.

But it was thought adviseable from the utility, which would result from presenting the whole work together, to direct that the amendments, and the old code, should be printed in one book.

The persons to whom this duty was intrusted were not, nor could they be, charged with legislative powers. Their duty was ministerial. They had no authority to alter in the smallest respect the law. They were empowered to print the code, and the amendments which the

legislature had adopted, and if they made any further change, it is not binding on the citizen, The work which they have presented, has never been passed on by the legislature, nor is it cloathed with the signatures of the speaker of the house of representatives, the president of the senate, nor the governor. The amendments to the old code have received legislative sanction, the old code itself has, and if the book now printed as the code of Louisiana contains that old code, and the amendments, then all the provisions in it are binding and have the force of law. But if it contains any thing more, what has been added, has not. And if any thing has been omitted, that omission does not prevent the law which had been already promulgated in the old code from being in force. To decide otherwise, would be virtually a declaration, that the persons who were appointed to print the code, had legislative powers.

Such powers they of course never intended to assume, and we have no doubt they discharged their duty faithfully, and in the main judiciously, but they were liable to err, and in our opinion have erred in the instance before us. The whole of the twenty-first title of the third book of the old code has been omitted in

the new, and yet it was not proposed to

be suppressed by the jurists, nor does it ap-
pear to have been repealed by any act of the
legislature of which we can get cognizance.
We have examined the original of the amend-
ments, to the code, in the office of the secretary
of state, the only place where they are to be
found distinct and separate, and not a word
is there said of repealing this title. We of
course are bound to come to the conclusion,
that it is still in force.

As to the argument drawn from the code of
practice it presents no difficulty. The law by
which the work was adopted declares, that
when its provisions are contrary, or repugnant
to those of the civil code, the latter shall be con-
sidered as repealed. That contained in the
former, is the general rule which existed pre-
vious to its passage, and with that general rule
stood the exception. We have more than
once decided, that re-enacting the general rule,
did not repeal the exception with which it was
previously accompanied, *Code of Practice*,
643, 6, 7. *Civil Code*, 490, *art.* 6.

The judgment of the court below, should be
affirmed with costs.

Eastern Dist.
June, 18 7.

*Watts & Lobdell* for the plaintiffs,

for the defendant.